IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERMUTHIS BALLARD LEE,<br>    *Plaintiff*, | :<br>:<br>:     CIVIL ACTION |
| v. | :     NO. 20-0139<br>: |
| ELI SMITH, et al.,<br>    *Defendants*. | :<br>: |

**MEMORANDUM**

**JONES, II  J.**                                                                                       **February 13, 2020**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Thermuthis Ballard Lee, proceeding *pro se*. Also before the Court is Lee's Application to Proceed *In Forma Pauperis* (ECF No. 1) and her Request for Appointment of Attorney (ECF No. 4). Because it appears that Lee is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**[1]

Lee brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of her Fourteenth Amendment rights after she was involuntarily discharged as a patient from the Fresenius Kidney Care – Ontario ("Fresenius"), a dialysis center located in Philadelphia in February of 2018.[2] Lee names the following Defendants who were employed at this Fresenius location or its corporate office at the relevant time: (1) Eli Smith, director; (2) Nieemah Selby, nurse; (3) Louis Moore, nurse; (4) Tore Savone, technician; (5) Tyneisha, technician; (6) Gwen,

---

[1] The facts set forth in this Memorandum are taken from Lee's Complaint and all the documents and exhibits attached thereto.
[2] It appears from the documents submitted by Lee that Fresenius is sometimes referred to as "Fresenius Medical Care", "FMC", or "Fresenius/Temple Dialysis – Ontario". For ease of reference, the Court refers to this entity simply as Fresenius throughout this Memorandum.

receptionist; (7) Gloria, director; (8) Jullian, former social worker;[3] (9) Yaheedah Hilliard; and (10) Felicia Speed, corporate social worker. (ECF No. 2 at 1.) Lee also names the corporate entity, Fresenius FMC, as an additional Defendant. (*Id.*)

Lee's allegations relate to a letter dated January 17, 2018, entitled "Patient Discharge Letter", which informed Lee that Fresenius would "no longer be able to provide [her] with dialysis treatments after February 16, 2018." (*Id.* at 9.) The letter further specified that the determination to discharge Lee as a patient was made on the basis that her "behavior has been disruptive, inappropriate, and unsafe to the extent that it impairs the delivery of care to [Lee] or the ability of the facility to operate effectively." (*Id.*) The letter also notes that "the decision to discharge" Lee was "the only viable alternative" at the time despite attempts to address "conflicts" by way of a "behavior contract and conversations with dialysis staff." (*Id.*)

In the Complaint, Lee refers to the decision by Fresenius to discharge her as her "being barred from receiving dialysis" and being "refused treatment[.]"[4] (*Id.* at 4.) With respect to her discharge in 2018, Lee claims the director at Fresenius, Eli Smith, violated Fresenius's involuntary discharge policy by failing to obtain the required signatures of two doctors, and only obtained one. (*Id.*) Lee further contends that even prior to her ultimate discharge, Smith "fraudulently initiate[d] numerous attempts to have [her] illegally discharged" since 2017 and had been repeatedly informed by the "Renal Network" and the Department of Health, that the "alleged violations [identified by Smith] were not grounds to discharge [Lee] from the facility." (*Id.* at 7, ¶¶ 2-3.) She also seems to allege a more broad-based conspiracy among Smith and other Defendants

---

[3] For those Defendants identified by only their first name, the Complaint makes clear that the last names of these individuals are unknown to Lee. (ECF No. 2 at 3.)
[4] In her Request for Appointment of Attorney, Lee makes clear that she is bringing this suit because the Defendants "commit[ted] the unlawful act[s] to illegally deny [Lee her] constitutional right to receive life-saving hemodialysis[.]" (ECF No. 4 at 1.)

employed at Fresenius, to "defame" her by "falsely" writing Lee up as non-compliant and disruptive. (*Id.* at 4; *see also id.* at 7 ¶¶ 4-5, 8-10, 13-15.)

Lee contends that her "fraudulent" discharge and the false statements made about her have restricted her ability to obtain the necessary dialysis treatments she needs at the appropriate frequency of three times per week which has had, and continues to have, severe health implications for her including hypertension, heart disease, and difficulty breathing. (*Id.* at 5.) She also claims that Defendants' conduct has prevented her from getting on the transplant list because she was "falsely discharged." (*Id.*) Based on these allegations, Lee alleges that her civil rights have been violated, and that she has been retaliated against, slandered, and defamed. (*Id.*) She seeks to have "negative comments" removed from her medical records and for Fresenius to compensate her in an amount twenty-times the costs of all her medical bills since February of 2018. (*Id.*) She also wants Fresenius to pay for her to receive in-home dialysis treatment moving forward. (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Lee leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Lee is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Lee's Complaint alleges claims for violations of her civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

> To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The Court reads Lee's Complaint as seeking to bring a Fourteenth Amendment denial of due process claim regarding her involuntary discharge from dialysis treatments through Fresenius. Although the importance of regular dialysis treatment for Lee's overall health is clear, her § 1983 claims against the medical and administrative personnel at Fresenius, and those against Fresenius as a corporate entity, fail to set forth a plausible claim for relief. The Complaint does not allege sufficient facts to support an inference that these Defendants — which include a private medical facility specializing in dialysis treatment and its private employees — are state actors subject to liability under § 1983. Pursuant to § 1983, action under color of state law requires that the one

liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011)). Here, nothing in the Complaint suggests that the medical or administrative personnel at Fresenius, or Fresenius itself, are state actors, as nothing suggests that they were employed by a state or municipal agency, that Defendants exercised powers that were traditionally the exclusive prerogative of the state, that Defendants acted in concert with any state or municipal officials, or that any state or municipal entity became so interdependent with the Defendants that Defendants must be recognized as a joint participant in the challenged.

In sum, the Complaint fails to allege sufficient facts to state a plausible claim of state action on the part of any Defendant which include a private medical facility and its employees. *Cf. Peel v. Joint Commission*, Civ. A. No. 13-92, 2013 WL 12069017, at *6, 8 (N.D. Okla. Nov. 1, 2013), *report and recommendation adopted by*, 2013 WL 12069018 (N.D. Okla. Nov. 22, 2013), *aff'd*, 577 F. App'x 757, 759 (10th Cir. 2013) (dismissing *pro se* plaintiff's § 1983 claims against a Fresenius Medical Care facility located in Tulsa, Oklahoma, and the medical and administrative staff employed there, on the basis that these private defendants were not state actors and plaintiff's conclusory conspiracy claims were insufficient to allege that they conspired with state actors such that their conduct could be considered state action); *see also McPhail v. Fresenius Health Partners, Inc.*, Civ. A. No. 19-350, 2019 WL 4298350, at *4 (E.D.N.C. Aug. 21, 2019) (finding that *pro se* plaintiff failed to state a claim against Fresenius under § 1983 because Fresenius was a private entity and there were no allegations in the complaint to "support treating Fresenius as a state actor"), *report and recommendation adopted by*, 2019 WL 4278974 (E.D.N.C. Sept. 10, 2019). Therefore, Lee's claims will be dismissed with prejudice as amendment would be futile in

light of the private status of Defendants.⁵ In light of the dismissal of Lee's claims, the Court will deny her Request for Appointment of Attorney as moot.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Lee leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent Lee's Complaint can also be understood to raise claims under state law, those claims will be dismissed for lack of subject matter jurisdiction without prejudice to Lee refiling her claims in state court.⁶ The Request for Appointment of Attorney is denied. *See Tabron v. Grace*, 6 F.3d 147, 155-58. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J.

---

⁵ On page seven of the Complaint, Lee makes a singular reference to the Americans with Disabilities Act and the Rehabilitation Act. (*See* ECF No. 2 at 7.) However, Lee fails to set forth any additional facts that could, even liberally construed, be read to support either a claim under either Act. Accordingly, to the extent she seeks to allege such claims, they are also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

⁶ To the extent Lee is attempting to raising claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As it appears that the parties are not diverse, the Court lacks subject matter jurisdiction over any state claims.